IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMIN A. RASHID,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-03-805 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **STAN A. YATES,** | : | |
| | : | |
| Respondent | : | |

## M E M O R A N D U M

### I.   Introduction

Petitioner, Amin A. Rashid, an inmate at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania, commenced this action *pro se* with a petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. §2241.  Named as Respondent is Stan A. Yates.

Petitioner claims he was denied due process in a prison disciplinary hearing.[1] For relief, Petitioner seeks expungement of the misconduct reports and restoration of his good conduct time.  Respondent asserts that the hearing complied with due process requirements, and the petition should be denied.  The matter has been

---

[1] Petitioner raises additional issues in his traverse (Doc. 10) and those issues were not considered by the court because they were not raised in the petition.

briefed, and it is ripe for disposition. For the reasons that follow, the petition will be denied.

**II.   Background**

On March 25, 1999, Petitioner was issued an incident report, charging him with fighting with another person. Prison officials conducted an investigation and determined that Petitioner had punched another prisoner in a fight on March 11, 1999, related to use of a common microwave oven. As a result of the fight, Petitioner sustained a laceration to his hand, which subsequently became infected. Petitioner was taken to a local hospital on March 14, 1999, to receive treatment for the infection. He was treated, and released for return to the prison on April 1, 1999.

Petitioner received a copy of the incident report on April 19, 1999. The delay was occasioned by a suspension of the investigation, to permit completion of a criminal investigation by the Federal Bureau of Investigation ("F.B.I."). On April 20, 1999, Petitioner appeared before a Unit Disciplinary Committee ("UDC"), where he received and signed a copy of the "Inmate Rights at Disciplinary Hearing" form. He also signed a form entitled "Notice of Discipline Hearing before the [Disciplinary Hearing Officer ('DHO')]." Petitioner requested M. Keller, a teacher, as his staff representative, and he requested Lt. J. Johnson as

2

a witness on his behalf. In light of the seriousness of the incident, the UDC referred the charge to the DHO for further hearing.

The DHO initiated Petitioner's hearing on May 20, 1999. Petitioner was present, with his requested staff representative. He was advised of his rights, and indicated his willingness and preparedness to proceed. Although the requested witness (Lt. Johnson) did not appear, he did submit a memorandum. The DHO considered all of the evidence, including Petitioner's denial of the incident, the incident report, and staff memoranda.

On June 29, 1999, the DHO issued his decision, finding that Petitioner had committed the offense with which he was charged. Petitioner was sanctioned with thirty (30) days in disciplinary segregation, which was suspended pending ninety (90) days clear conduct, and disallowance of twenty-seven (27) days of good conduct time. A copy of the written decision was provided to Petitioner on June 30, 1999.

## III. Discussion

### A. Fourteenth Amendment Protection

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." The Supreme Court has mandated a two-part

3

analysis of a procedural due process claim:  first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property(,)'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'"  *Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000).  If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.  Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law.  *Torres v. Fauver*, 292 F. 3d 141, (3d Cir. 2002).

### 1.  Existence of Protected Liberty Interest

It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time.  *Id.*  Since Petitioner's sanction included the loss of good conduct time, Petitioner has identified a liberty interest in this matter.  Therefore, this Court must review the procedures afforded to Petitioner in the disciplinary hearing.

4

### **2. Procedural Due Process**

In *Wolff*, the Supreme Court set forth minimum procedural due process requirements for prison disciplinary proceedings: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the charges; (3) an opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals; (4) assistance from an inmate representative, if the charged inmate is illiterate or if complex issues are involved; and (5) a written decision by the fact finders as to the evidence relied upon and the rationale behind their disciplinary action. *Id.*

The Court noted that broad discretion is accorded to the prison officials, with limited judicial review of institutional due process to determine if their decision is arbitrary or capricious. *Id.* In *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 453-56 (1985), the Supreme Court added a procedural requirement, holding that there must be some evidence which supports the conclusion of the disciplinary tribunal. *Id.*[2]

---

[2]After *Hill*, the Third Circuit indicated that the standard to be applied in disciplinary proceedings was that contained in 28 C.F.R. §541.17(f), which at the time was a "substantial evidence" test. *Henderson v. Carlson*, 812 F.2d 874, 879 (3d Cir. 1987). Subsequently, the Bureau of Prisons amended its regulations to be more akin to the *Hill* holding by requiring only that the DHO's decision be "based upon

5

The due process requirements of *Wolff*, as they relate to federal prisoners, have since been codified under the Code of Federal Regulations. Under Title 28, §541, inmate discipline and special housing units, staff shall prepare an incident report when there is reasonable belief that a violation of BOP regulations has been committed by an inmate and the staff considers informal resolution of the incident inappropriate or unsuccessful. 28 C.F.R. § 541.14.

The BOP regulations provide that each BOP institution shall have an independent hearing officer (DHO) assigned to conduct administrative fact-finding hearings covering alleged acts of misconduct and violations of prohibited acts. 28 C.F.R. § 541.16(a). Furthermore, the DHO shall conduct hearings, make findings, and impose appropriate sanctions for incidents of inmate misconduct. 28 C.F.R. § 541.16(c). Based on the record, the Court concludes that Rashid was afforded the full requirements of due process in his disciplinary hearing.

On March 25, 1999, Petitioner was issued disciplinary incident report for violation of Bureau of Prisons' disciplinary code § 201, "fighting with another person." (Doc. 8, Ex. 1 at 14.) Petitioner received a copy of the incident report on April 19, 1999 at approximately 7:36 p.m. (*Id.* at 15-16.)

---

at least some facts," with the decision to be "based on the greater weight of the evidence." 28 C.F.R. §541.17(f) (1995).

6

A review of the record reveals that Petitioner appeared at the hearing (*Id.*), he received written notice of the charges one month before the hearing (*Id.* at 15), he indicated he understood his rights and was ready to proceed (*Id.* at 15-16), the DHO heard all of the evidence presented by Petitioner and accepted a memorandum from Petitioner's witness (Lt. Johnson) (*Id.*), Petitioner was assigned a staff representative (M. Keller) (*Id.* at 15), and he received a written decision setting forth the evidence relied upon and the rationale for the decision. (*Id.,* Attachment B)  Thus, the Court concludes that Petitioner received the requisite due process requirements set forth in *Wolff*.

Petitioner claims that he was denied due process because his initial hearing was not held within seventy-two (72) hours from the time the disciplinary report was written.  However, while the applicable provision of the regulation requires a hearing ordinarily occurring within seventy-two hours, the period is calculated from the time "staff became aware of the inmate's involvement in the incident" (28 C.F.R. § 541.15(b)), and not from the time the report was written.  Moreover, no such time limitation is imposed by *Wolff*.

Petitioner also claims a due process violation because he did not receive a copy of the incident report until April 19, 1999, contrary to the requirements of 28

C.F.R. § 541.14(b)(2).  However, the investigation had been suspended under the provisions of § 541.14(b)(1), since it appeared likely that the incident "may be subject to a criminal investigation [by the F.B.I.]."  28 C.F.R. § 541.14(b)(1).  Consequently, he was not entitled to a copy until the investigation had concluded.

### B.  Evidence Supporting Decision

Since Petitioner was afforded all of his procedural rights, the only remaining issue is whether there was sufficient evidence to support the decision.  *See Hrbek v. Nix*, 12 F.3d 777 (8th Cir. 1993).  After a review of the record, the court concludes that there was more than ample evidence to support the DHO's decision.  The DHO relied upon the written report of the issuing officer, Lt. Johnson's memorandum, the statement of the other inmate involved in the fight, Petitioner's injury assessment form, and the Petitioner's statement.  This evidence sufficiently supports the outcome of the hearing, and the petition will be denied.  An appropriate order will issue.

                                                 s/Sylvia H. Rambo  
                                                 SYLVIA H. RAMBO  
                                                 United States District Judge

Dated:  May 26, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**AMIN A. RASHID,**                  :
                                     :
      **Petitioner**    :    **CIVIL NO. 1:CV-03-805**
                                     :
  **v.**                          :    **(Judge Rambo)**
                                     :
**STAN A. YATES,**                   :
                                     :
      **Respondent**   :

## O R D E R

In accordance with the foregoing memorandum, **IT IS HEREBY**

**ORDERED THAT**:

   1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

   2. The Clerk of Court is directed to close this case.

                                  s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated: May 26, 2005.